UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DERRICK SCOTT (#126372)                               CIVIL ACTION

VERSUS

TERRY PORET, ET AL.                                   NO. 12-0346-JJB-DLD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on September 26, 2012.

**MAGISTRATE JUDGE DOCIA L. DALBY**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**DERRICK SCOTT (#126372)**  CIVIL ACTION

**VERSUS**

**TERRY PORET, ET AL.**  NO. 12-0346-JJB-DLD

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Terry Poret, Major Richardson, Classification Officer Irvin, and Legal Programs Director Trish Foster, complaining that the defendants have violated his constitutional rights by threatening him with harm and by refusing to grant him a transfer to a less onerous housing assignment, all in retaliation for administrative grievances which the plaintiff has filed against prison officials. The plaintiff further complains that the defendants have interfered with the processing of an administrative grievance which he filed relative to the claims asserted in this case.

In his Complaint, the plaintiff acknowledged that whereas he commenced an administrative grievance at LSP relative to the claims asserted herein, the grievance was not completed at the time that he filed the instant lawsuit. Specifically, he asserts that he filed his administrative grievance on April 3, 2012, and that prison officials failed to respond thereto within the time limits allowed by state procedural rules. He contends, therefore, that because of this failure, his grievance should be deemed to have been exhausted through the administrative process.

Pursuant to 28 U.S.C. § 1997e, the plaintiff was required to exhaust administrative remedies available to him at the prison <u>prior to</u> commencing a civil action in this Court with respect to prison conditions.[1] This provision is mandatory and applies broadly to "all suits about prison life". <u>Porter</u>

---

[1] 42 U.S.C. § 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any

v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). Further, a prisoner must exhaust administrative remedies by complying with applicable prison grievance procedures before filing a suit relative to prison conditions. Johnson v. Johnson, 385 F.3d 503 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). The primary purpose of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "time and opportunity to address complaints internally." Johnson v. Johnson, supra.

Although administrative exhaustion is an affirmative defense which a prisoner plaintiff is not required to plead or prove in his Complaint, Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007), when it is apparent from the face of the Complaint that the plaintiff has failed to exhaust prison grievance procedures, a dismissal sua sponte is appropriate upon initial review for failure of the plaintiff to state a claim upon which relief may be granted. See Tanner v. Federal Bureau of Prisons, 475 F.Supp.2d 103 (D.D.C. 2007).

In the instant case, the plaintiff admits in his Complaint that he failed to exhaust administrative remedies prior to the filing of the instant Complaint. As an excuse for such failure, he asserts that pursuant to applicable procedural rules, prison officials were obligated, absent a request for extension, to respond to his properly filed administrative grievance within 40 days of the filing thereof. He further asserts that although he allowed prison officials more than 40 days to respond to his initial grievance, no timely response was forthcoming. Accordingly, he filed the instant lawsuit "after the (40) days had expired." He argues that he has thereby satisfied the exhaustion requirement.

The plaintiff's assertions do not support either a finding that he has exhausted administrative

---

other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

remedies or that such remedies have been rendered "unavailable" by the defendants' actions. Nor do his assertions support a conclusion that he should be deemed to have exhausted administrative remedies. Specifically, the Louisiana administrative procedure involves a two-step process, with a response at the First Step being provided to an inmate by the Warden's office within forty (40) days of acceptance of the inmate's grievance into the administrative system. 22 La. ADC, Part I, § 325(J)(1). Upon receipt of a First Step Response, an inmate who is unsatisfied with the response has five (5) days to appeal to the Second Step of the process with the Secretary of the Louisiana Department of Public Safety and Corrections. 22 La. ADC, Part I, § 325(J)(2). The Secretary is then granted a period of forty-five (45) days within which to provide a Second Step Response to the inmate. 22 La. ADC, Part I, § 325(J)(2). Absent the granting of one or more extensions, an inmate's grievance procedure must be completed by prison officials within a period of ninety (90) days. 22 La. ADC, Part I, § 325(J)(4). The rules further provide that, in the event that a timely response is not provided to an inmate at any stage of the procedure, the inmate is authorized to unilaterally proceed to the next step in the administrative process. 22 La. ADC, Part I, § 325(J)(4).

In the instant case, the plaintiff concedes that after passage of the 40-day time period allowed for a response at the First Step of the administrative process, he made no attempt to unilaterally proceed to the Second Step when prison officials failed to provide a timely response to his original grievance. Instead, he filed the instant lawsuit in this Court without further delay. It appears, therefore, that he never in fact proceeded to the Second Step and so never provided prison officials with an opportunity at the Second Step to address his claims and contentions. Further, he acknowledges that he filed his administrative grievance on April 3, 2012, and it appears from the record that he filed the instant lawsuit on or about May 29, 2012, only 56 days later. Inasmuch as the prison grievance procedure allows prison officials up to 90 days to complete the administrative process, it does not appear that the plaintiff allowed sufficient time for prison officials to do so. Accordingly, because the affirmative defense of failure to exhaust administrative remedies appears clear on the face of the plaintiff's Complaint, the Complaint is subject to dismissal, sua

sponte, for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e.[2]

## RECOMMENDATION

It is recommended that this action be dismissed, without prejudice, as a result of the plaintiff's failure to exhaust administrative remedies as mandated by 42 U.S.C. § 1997e, but with prejudice to his refiling the same claim or claims in forma pauperis.[3]

Signed in Baton Rouge, Louisiana, on September 26, 2012.

*[signature]*

**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[2] The plaintiff also contends that the Louisiana Administrative Remedy Procedure is unconstitutional on its face because it allows prison officials to place an inmate's grievance on administrative backlog if he has filed multiple grievances, resulting in delayed consideration thereof until prior grievances have been addressed and resolved. See 22 La. ADC, Part I, § 325(I)(3). There is no support for this contention. To the contrary, this argument has been explicitly rejected by the United States Court of Appeals for the Fifth Circuit. See, e.g., Moran v. Jindal, 450 Fed.Appx. 353 (5th Cir. 2011); Thomas v. Prator, 172 Fed.Appx. 602 (5th Cir. 2006).

[3] See Underwood v. Wilson, 151 F.3d 292 (5th Cir. 1998).