UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DERRICK SCOTT (#126372)**  CIVIL ACTION

**VERSUS**

**TERRY PORET, ET AL.**  NO. 12-0346-JJB

**O R D E R**

The *pro se* plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Terry Poret, Major Richardson, Classification Officer Irvin, and Legal Programs Director Trish Foster, complaining that the defendants violated his constitutional rights by threatening him with harm and by refusing to grant him a transfer to a less onerous housing assignment, all in retaliation for administrative grievances which the plaintiff had filed against prison officials. The plaintiff further complained that the defendants had interfered with the processing of an administrative grievance which he had filed relative to the claims asserted in this case. Pursuant to prior Order in this case (Rec. Doc. 5), the plaintiff was granted authorization to proceed as a pauper in this proceeding.[1]

The rules applicable to the granting by courts of *in forma pauperis* status to inmates in cases challenging the conditions of their confinement make clear that the plaintiff is no longer entitled to proceed as a pauper in this case. These rules, set forth in 28 U.S.C. § 1915, provide,

---

1. This matter has recently been remanded to this Court by the United States Court of Appeal for the Fifth Circuit, upon a determination by that Court that the prior dismissal of the plaintiff's claims for failure to exhaust administrative remedies was improvidently entered. *See* Rec. Doc. 29.

in pertinent part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996), the Fifth Circuit Court of Appeals examined the effect of the amended statute and concluded that any civil action or appeal dismissed as frivolous, malicious or for failure to state a claim shall be considered as within the ambit of the "three strikes" provision of § 1915(g). In addition, an interpretation of *Adepegba* instructs that this Court should revoke the prior grant of pauper status to inmates who subsequently "strike out" and should require that these inmates pay the Court's filing fee or face dismissal of their pending actions or appeals. Id. at 388 (concluding that the appeal there under review *and all other pending appeals* filed by a "three strikes" petitioner should be dismissed in the absence of payment by the petitioner of the full amount of the Court's filing fee).

A review of the records of this Court reflects that the plaintiff, on three or more prior occasions while incarcerated, has brought actions or appeals in the federal courts which have been dismissed as frivolous or for failure to state a claim.[2] Accordingly, the Court concludes

---

2. Cases or appeals filed by the plaintiff which have been dismissed by the federal courts as frivolous or for failure to state a claim include, but are not limited to, *Derrick Scott v. James M. LeBlanc, et al.*, Civil Action No. 12-0239-BAJ-SCR (M.D., La.), *Derrick Scott v. Burl Cain*, Civil Action No. 12-0412-JJB-DLD (M.D., La.), and *Derrick Scott v. Officer Haney, et al.*, Civil Action No. 12-0439-JJB-DLD (M.D., La.). The first two referenced cases were dismissed on the face of the plaintiff's respective Complaints because the Complaints made clear that he had failed to exhaust administrative remedies relative to his claims as mandated by 42 U.S.C. § 1997e. In this regard, the United States Court of Appeals for the Fifth Circuit has concluded that the dismissal of an action for failure to state a claim is appropriate when it is clear from the face

that the plaintiff is now barred from proceeding *in forma pauperis* in this case and that he is required to pay the full amount of the Court's filing fee.[3]  Therefore;

**IT IS ORDERED** that the Order of this Court dated June 25, 2012 (Rec. Doc. 5), pursuant to which the plaintiff was granted *in forma pauperis* status in the above-captioned proceeding, be and it is hereby **VACATED**.

**IT IS FURTHER ORDERED** that the plaintiff's Motion to Proceed *In Forma Pauperis* herein (Rec. Doc. 2) be and it is hereby **DENIED.**

**IT IS FURTHER ORDERED** that the plaintiff is granted thirty (30) days from the date of this Order within which to pay $350.00, the full amount of the Court's filing fee.  The filing fee must be paid in full in a single payment.  No partial payments will be accepted.  Failure to pay the filing fee within 30 days shall result in the dismissal of the plaintiff's action without further notice from the Court.

Signed in Baton Rouge, Louisiana, on January 16, 2014.

                              **RICHARD L. BOURGEOIS, JR.**
                              **UNITED STATES MAGISTRATE**

---

of a Complaint that an inmate plaintiff has not exhausted administrative remedies.  *See Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) (stating that "a court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust").  In addition, such dismissals may be treated as "strikes" within the context of 28 U.S.C. § 1915(g).  *See Emmett v. Ebner*, 423 Fed. Appx. 492 (5th Cir. 2011); *Martinez v. Bus Driver*, 344 Fed. Appx. 46 (5th Cir. 2009), *cert. denied*, 559 U.S. 993 (2010); *Johnson v. Kukua*, 342 Fed. Appx. 933 (5th Cir. 2009).

     3.  Inasmuch as the allegations of the plaintiff's Complaint do not reflect that he is in "imminent danger of serious physical injury," he does not fall within the exception to 28 U.S.C. § 1915(g).